454

ENG BOK CHUN v. BROWNELL,
Attorney General.
Civ. No. 266.

United States District Court
District of Columbia.
April 22, 1953.

Lambert O'Donnell, Washington, D. C., for plaintiff.

Charles M. Irelan, U. S. Atty., Frank H. Strickler, Ross O'Donoghue and William R. Glendon, Asst. U. S. Attys., Washington, D. C., for defendant.

MORRIS, District Judge.

This is an action in which the plaintiff seeks a declaratory judgment that he is a citizen of the United States. Considerable testimony was taken at the hearing, from which it appears that the testimony of the plaintiff before a board of special inquiry of the Immigration and Naturalization Service, held at San Francisco, when the plaintiff sought admission to the United States, was so confused and contradictory that the action of that board in holding that the plaintiff had not established his citizenship is readily understandable. The action of that board was followed by a ruling of the Commissioner, which was sustained by the Board of Immigration Appeals. Where the testimony of a witness having great interest in the outcome of the proceedings is not only contradictory, but in part clearly wrong, the trier of the facts very naturally cannot give the weight to his testimony which otherwise it would require. It is that contradiction with the testimony of his alleged father and his alleged brother which undoubtedly led to the conclusion which the immigration authorities reached, because in the face of their testimony of the plaintiff's relationship to his alleged father, there is no evidence offered by the Government to the effect that the plaintiff is not the son of Eng Goy, who is admittedly a citizen of the United States. But, in the present proceeding in this Court, there is other evidence, which, in my view, is corroborative of the testimony that the relation of father and son does exist.

Over a long period the father accumulated a substantial savings account, later transferred to a safety deposit box, and it has indisputably been shown that the father made substantial remittances to the plaintiff. It is not reasonable to infer, and I cannot reach the conclusion, that these remittances of substantial sums of money would have been made, if the relation of father and son did not exist. In view of this evidence, and the lack of any evidence to the contrary, I must conclude that the plaintiff is the son of an American citizen, and, as such, is entitled to the relief sought in this action.